## Ridley Park Shopping Center, Inc., Appellant, *v.* Sun Ray Drug Co.

Argued January 10, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Robert K. Greenfield,* with him *Edward Greer, Stanford S. Hunn,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellant.

*Bernard M. Borish,* with him *Seymour Kurland,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellees.

OPINION BY MR. JUSTICE EAGEN, April 17, 1962:

This is a declaratory judgment proceeding wherein the court below entered an adjudication in favor of the defendants. Plaintiff appeals.

Plaintiff-corporation was the owner of an undeveloped tract of land whereon the construction of a shopping center was contemplated. By virtue of two written agreements entered into between plaintiff's predecessor in title and the defendants, Sun Ray Drug Company and Leslie's of Ridley, Inc., who subsequently assigned their rights thereunder to the defendant, Bargain City, U.S.A., Inc., the plaintiff was obligated to construct a building on the tract consisting of a total of 60,000 square feet of floor space, which Bargain City would occupy for a specified rental. Subsequently, before construction was initiated Bargain City indicated a desire to lease an additional 30,000 square feet of space contiguous to that specified in the written leases. Negotiations between the parties ensued. As a result, Bargain City with the acquiescence of the plaintiff arranged for its own building contractor to take over completion of the construction of the original building and increase the size thereof to approximately 100,000 square feet. No written agreement providing for the occupancy and rental of the additional space was ever executed. The building was completed and Bargain City took possession and began conducting business therein during the month of October, 1958.

This action was instituted on April 21, 1959. In its petition for declaratory judgment, the plaintiff asserted that Bargain City was occupying that portion of the premises in excess of the 60,000 square feet covered by the written leases, without agreement or legal right, and requested that the court enter a decree

awarding possession of that portion of the premises to the plaintiff with restitution for the fair rental value, less the value of the improvements the defendants caused to be effected thereon. The defendants filed an answer wherein it was asserted that the original written leases had been modified by a subsequent oral agreement between the parties and that in this supplemental agreement all terms concerning the occupancy and rental of the entire building had been specifically agreed upon.

After a hearing, the lower court made findings of fact which sustained the position of the defendants, i.e., it found that the original written leases had been modified by a subsequent oral agreement and that Bargain City was legally occupying the entire premises by virtue of this new agreement which definitely fixed all necessary terms.

The court below did not exercise proper discretion in granting a petition for declaratory judgment in this case. See, *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222 (1962).

Moreover, the basic question involved, i.e., plaintiff's legal right to possession of the premises is now moot. It appears, from facts admitted and placed upon the record through a petition to dismiss the appeal and answer thereto, that title to all of the land and the building involved was sold and conveyed by the plaintiff to a third party on June 1, 1961. The plaintiff, therefore, has, as of now, no legal claim to possession thereof for any purpose. Upon this main thrust of the appeal, the motion to dismiss is, therefore, well taken. It has long been the rule in Pennsylvania that this Court will not decide moot questions. We will do so only in rare instances where exceptional circumstances exist or where questions of great public importance are involved: *Conti v. Department of Labor and Industry,* 405 Pa. 309, 175 A. 2d 56 (1961). This is not such a case.

As to the claim of the plaintiff involving damages for alleged unlawful occupancy for the period from October 1958, to June 1, 1961, we have carefully examined the record and conclude that the findings of the court below are sustained by the evidence. The factual issues in dispute were resolved by the court after a careful consideration of the conflicting testimony.

We agree, too, with the lower court's conclusion that, under the facts, the Statute of Frauds may not be interposed. Where there is a taking of possession as a result of a parol agreement, and substantial improvements made upon the premises by the lessee, equitable considerations require that the leasehold interest created by parol be enforced. See, *Hancock v. Melloy*, 187 Pa. 371, 41 Atl. 313 (1898); *Klingensmith v. Klingensmith*, 375 Pa. 178, 100 A. 2d 76 (1953). Bargain City assumed exclusive possession and expended a large sum of money in effecting permanent improvements on the land without the semblance of a complaint or objection from the plaintiff. Under such circumstances, the Statute of Frauds may not now be asserted.

Order affirmed.