Pennsylvania Railroad Company *v.* Hughart
(et al., Appellants).

Argued March 18, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas N. Griggs,* with him *John A. Robb* and *Paul K. Hirsch,* for appellants.

*Carl E. Glock,* with him *Gilbert J. Helwig, James H. McConomy,* and *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, September 27, 1966:

This appeal presents the single question of the correctness of a ruling refusing appellants' application to intervene in an action pending below and arises out of the following circumstances: Appellee, the Pennsylvania Railroad Co., instituted an action of trespass against Chemical Tank Lines, Inc. to recover damages alleged to have been sustained as the result of a collision between a train and truck owned by the respective parties. A similar suit was instituted against the Railroad by a passenger on the train to recover for personal injuries sustained in the accident. Chemical Tank Lines was joined by the Railroad as an additional defendant and the actions, because of their common background, were consolidated for trial in the Court of Common Pleas of Allegheny County.

At trial, appellee, Pennsylvania Railroad, was represented by Michael R. Dougherty, Esq., a member of

the Bar of this Court and of the Court of Common Pleas of Allegheny County, employed in the legal department of the Railroad. Upon the commencement of the proceedings, the court, sua sponte, questioned the propriety of Mr. Dougherty's appearance in the case because of his position as "corporate counsel in the employ of the Railroad." The case was ordered continued and the issue of Mr. Dougherty's appearance in the action referred to the court en banc for decision.

When the matter came before the court en banc, appellants, three lawyers, acting on their own behalf and for all other members of the bar similarly situated, filed a petition for leave to intervene under Pa. R. C. P. 2327, their sole interest in the litigation being limited to the collateral question of Mr. Dougherty's representation of his corporate employer in the action. A hearing was held on the petition at the conclusion of which intervention was refused. This appeal followed.

Pa. R. C. P. 2327 provides: "At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or (3) such person could have joined as an original party in the action or could have been joined therein; or (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

Appellants, recognizing their inability to qualify as intervenors under subsections (1), (2), or (3) of Pa.

R. C. P. 2327, predicate their right to intervene on subsection (4) of the rule. It is their position that "the appearance of any corporation in our Courts by its employees, including . . . [an] employee-attorney, is an unlawful encroachment upon and impairment of the franchise to practice law held by . . . [appellants] and . . . other members of the Bar engaged in the general practice of law" and constitutes the unauthorized practice of law by such corporation and its employee-attorney. Appellants assert, on this basis, a legally enforceable interest in the proceedings and the right to intervene in order to litigate their contention that Mr. Dougherty's appearance on behalf of his corporate employer constitutes the unauthorized practice of law.

In considering the refusal of the court below to permit appellants to intervene, we recognize, as has been stated by one commentator, that "the exact boundaries of the 'legally enforceable interest' limitation [of Pa. R. C. P. 2327(4)] are not clear. It owes its origin to the desire of the courts to prevent the curious and meddlesome from interfering with litigation not affecting their rights. The result is a flexible, although uncertain rule whose application in a given case calls for the careful exercise of discretion and a consideration of all the circumstances involved." 3 Goodrich-Amram §2327-1 (1963). The precise boundaries of Pa. R. C. P. 2327(4) need not presently concern us, since we are of the view that the interest asserted by appellants is not such as was intended to be included within the ambit of the rule.

Appellants admit no interest in the trespass actions pending below, the basic actions in the case. Their interest in the proceedings is confined to the inquiry respecting Mr. Dougherty's representation of his corporate employer. Assuming arguendo appellants' standing to raise, in an independent proceeding, the issue of

whether such representation constitutes the unauthorized practice of law,[1] appellants' interest in the present action is too tangential to the basic issues in litigation to justify their intervention in the suit. No property or cause of action owned by appellants can be affected by the disposition of the basic action. Cf. 3 Goodrich-Amram §2327-1 (1963). Their desire to intervene is based upon their wish to transform the action from one in trespass to one devoted to the question of the unauthorized practice of law. Pa. R. C. P. 2327(4) was not intended to permit intervention for the sole purpose of engaging in litigation so collateral to the basic issues in dispute. Accordingly, appellants attempt to intervene was properly refused.

While we recognize that the action of the trial judge, in continuing the case and referring the issue of the propriety of Mr. Dougherty's appearance to the court en banc for decision, has by necessity interjected an issue of the unauthorized practice of law into the case, that fact is not sufficient to justify appellants' intervention where such an intrusion is clearly beyond the intent of Pa. R. C. P. 2327. Since we have concluded that appellants are not within that class of persons for whom intervention is authorized by Pa. R. C. P. 2327(4), the court below was without authority to grant appellants' petition and its refusal to do so was, therefore, proper.

In light of the conclusion we have reached, we find it unnecessary to consider the issue of whether the re-

---

[1] The question of appellants' standing, as individual practitioners, to bring a class action to enjoin the unauthorized practice of law has not presented itself to this Court. But see *Palmer v. O'Hara*, 359 Pa. 213, 58 A. 2d 574 (1948). The issue is not free from doubt. See Annot., 90 A.L.R. 2d 7-63 (1963); cf. *New Jersey State Bar Ass'n v. Northern New Jersey Mortgage Associates*, 22 N.J. 184, 123 A. 2d 498 (1956); Restatement, Torts §710 (1938).

fusal to permit the instant intervention could have been justified under Pa. R. C. P. 2329.[2]

Order affirmed.

---

[2] "Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or (2) the interest of the petitioner is already adequately represented; or (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties."