## Jaillet v. Hill & Hill

*Andrew J. Conner,* for plaintiffs and intervenor.
*John M. McLaughlin,* for defendant.

CARNEY, *P.J.,* July 15, 1980—This action was commenced by the filing of a two-count complaint on December 28, 1978. Count I of the complaint alleged a class action pursuant to Pa.R.C.P. 1701 et seq. The named plaintiffs, Grace Jaillet, Thomas Moore and Patricia Moore, brought the action on their own behalf and as representatives of a class alleged to consist of approximately 175-200 property owners within the geographical and jurisdictional boundaries of the Washington Township Sewer and Water Authority (hereinafter Authority).

Substantively, plaintiffs alleged in count I that defendant, Hill & Hill, a professional engineering partnership, entered into a contract with the authority to provide engineering services in conjunction with the authority's installation of a sewage system. Plaintiffs alleged that Hill & Hill was negligent in over-designing the sewage system and in misrepresenting to the Federal Environmental Protection Agency (hereinafter EPA) that the population of the authority's project area satisfied the density requirements of the Federal Water Pollution Control Act of June 30, 1948, 56 Stat. 806, as amended, 33 U.S.C.A. § 1251 et seq., and the regulations promulgated thereunder, so that the project would qualify for 75 percent Federal funding. Plaintiffs further alleged that EPA subsequently withdrew $408,750 of its funding grant because the project area did not in fact satisfy the population density requirement of the act. As a consequence of this reduction in Federal funding, allegedly caused by defendant's negligence, plaintiffs alleged that

they individually and the members of the class were subjected to additional assessments, liens and charges by the authority to fund the authority's own increased indebtedness. The damages sought under count I individually and on behalf of the class were for charges imposed by the authority because of over-design of the system, the loss of Federal funding, and the authority's incurring of additional indebtedness.

The second count of the complaint purported to be a derivative action by the named plaintiffs on behalf of the authority. This count alleged that the authority owed certain fiduciary duties to plaintiffs and that the authority had the duty to take legal action against Hill & Hill and has failed to do so in breach of its fiduciary duty. Under count II plaintiffs sought damages, as measured in count I, in favor of the authority to be "used for the benefit of the taxpayers of Washington Township."

Since the filing of the complaint the authority has moved to intervene as party plaintiff in both counts of the complaint and to amend the complaint. The original, individual plaintiffs have also moved to withdraw both their individual claims and their class action claims. Hill & Hill has filed an answer denying the class action allegations of the original complaint and has demurred to both counts of the complaint. Defendant has also challenged the capacity of the plaintiffs to maintain the count II derivative action. Finally, Hill & Hill has objected to the individual plaintiffs' request to withdraw the class action and the authority's motion to intervene and amend the complaint.

Resolution of the authority's motion to intervene requires consideration of whether there is a viable action in which to intervene. Defendant theorizes

that the authority cannot intervene in an action that was a nullity ab initio. The precedents for this theory are Northampton Residents Asso. v. Northampton Twp. Bd. of Supervisors, 14 Pa. Commonwealth Ct. 515, 322 A. 2d 787 (1974), and Appeal of Foltz, 22 Pa. Commonwealth Ct. 562, 349 A. 2d 918 (1976). Defendant argues that this action was a nullity when commenced because: (1) count II of this action is barred by virtue of a federal district court decision under principles of res judicata and collateral estoppel; (2) the individual plaintiffs lacked standing to commence a derivative action in count II on behalf of the authority; and (3) the class action alleged in count I was a nullity because individual plaintiffs do not represent the class, lack standing and have not had a class certified. In addition, defendant opposes intervention on the ground that the authority has not satisfied Pa.R.C.P. 2327 and 2329.

We need not consider defendant's res judicata and collateral estoppel arguments[1] because we conclude that the individual plaintiffs lacked standing to initiate a derivative action on behalf of the authority and consequently the derivative count of the complaint is a nullity and must be dismissed.

---

1. We question whether the principles of res judicata and collateral estoppel as set forth in Thompson v. Karastan Rug Mills, 228 Pa. Superior Ct. 260, 323 A. 2d 341 (1974), are applicable here because a close reading of the federal district court opinion in Jaillet v. Hill & Hill, 460 F. Supp. 1075 (W.D. Pa. 1978) shows that the court's discussion of plaintiff's standing to bring the derivative action was not necessary to the decision of the case. Moreover, standing in the federal courts is a specialty of the federal jurisdictional requirement of a case or controversy. See Wright, the Law of Federal Courts §13 (1976 ed.). Thus, a dismissal for lack of standing is not a dismissal on the merits under Fed.R.C.P. 41(b).

The individual plaintiffs are, in plain English, customers of the authority. The authority was created pursuant to the Municipality Authorities Act of May 2, 1945, P.L. 382, 53 P.S. §301 et seq. As such, the authority was incorporated with the Secretary of the Commonwealth at the instance of the sponsoring municipality: 53 P.S. §309(A)(a). The authority possesses the sovereignty of the Commonwealth, Whitemarsh Twp. Authority v. Elwert, 413 Pa. 329, 196 A. 2d 843 (1964), and can sue and be sued: 53 P.S. §306(B)(b). However, the authority's customers can sue it only to question the rate fixed by the authority or the adequacy, safety and reasonableness of its services: 53 P.S. §306(B)(b).

Pennsylvania recognizes a derivative action by a member of a corporation or similar entity: Pa.R.C.P. 1506. Rule 1506 applies to public corporations which we assume a municipal authority to be: 5 Goodrich-Amram 2d §1506:4. A "member" is defined as a "shareholder in a corporation or similar entity." Pa.R.C.P. 2176. Neither the statutory scheme under which the authority was created nor the procedural rules allowing derivative suits support the argument that customers such as plaintiffs possess the ownership interest of a shareholder. We conclude that plaintiffs are not members of the authority and lacked the capacity to maintain the derivative action. Consequently, we shall deny the motion to intervene in the derivative action, count II of the complaint, and will sustain the preliminary objection challenging plaintiffs' capacity to sue on this count.

We turn to whether the authority can intervene in count I of the complaint, the alleged class action. Defendant argues that intervention should not be allowed because: (1) there exists no class action

into which the authority can intervene; (2) the authority will not adequately protect the interests of the defined class and its claim is not typical of the claims of the class, see Pa.R.C.P. 1702; and (3) the authority lacks the capacity to represent the class.

When the class action of count I commenced, the members of the class were in the action until excluded by the court refusing to certify the class. See Bell v. Beneficial Consumer Discount Co., 465 Pa. 225, 348 A. 2d 734 (1975). Pa.R.C.P. 1705 permits a challenge to the class action allegations of the complaint by preliminary objection unless the objection raises issues of fact. An objection to the class action allegations raising issues of fact must be raised in the answer to the complaint: Ibid. Defendant's brief demonstrates that these preliminary objections to the class action allegations raise issues of fact regarding the propriety of the class action. Thus, they must be presented in defendant's answer. Certification of the class action will resolve these issues of fact, but plaintiffs need not file a motion to certify until 30 days from the last required pleading: Pa.R.C.P. 1707. Thus, we must assume at this stage that the class action is proper.

The cause of action alleged by individual plaintiffs in the class action count is recognized under Pennsylvania law. It is essentially one for professional negligence by an engineer and it has been held that a professional engineer engaged by an authority owes a common law duty to the authority's customer: Clayton v. Cawley, 10 D. & C. 3d 275 (1979). See, also, Bloomsburg Mills, Inc. v. Sordoni Construction Co., Inc., 401 Pa. 358, 164 A. 2d 201 (1960); Printed Terry Finishing Co. v. City of Lebanon, 247 Pa. Superior Ct. 277, 372 A. 2d 460 (1977). For the users of the sewer system their damages are

their increased assessments and sewer rentals: Clayton v. Cawley, supra.

The existence of a cause of action in favor of the customers of the authority does not preclude a cause of action in favor of the authority itself. The authority's cause of action against the engineer with which it contracted would be for the failure to exercise reasonable care in carrying out its duties under the contract. The authority's damages would, however, be different. We think those damages are properly measured by the loss the authority suffered as a result of the engineer's negligence. In this case that would be the authority's increased indebtedness. Moreover, a recovery by the authority would have to be impressed with a trust in favor of the authority's bondholders and in satisfaction of the authority's fiduciary obligation to its customers. See, Faden v. Philadelphia Hsg. Authority, 424 Pa. 273, 223 A. 2d 694 (1967).

Thus, recognizing the different nature of these individual plaintiffs' damages and those of the authority, is the authority precluded from intervening in count I? In Pennsylvania intervention is a matter of discretion with the court: Pennsylvania Railroad Co. v. Hughart, 422 Pa. 615, 222 A. 2d 736 (1966); Taub v. Merriam, 251 Pa. Superior Ct. 572, 380 A. 2d 1245 (1977). The applicant for intervention must satisfy one of the criteria of Pa.R.C.P. 2327. Here the authority relies upon Rule 2327(3) and (4) which provides:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if . . . (3) such person could have joined as an original party in the action or could have been joined

therein; or (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

We believe that the authority satisfies Rule 2327(3). We do not read subsection (3) so narrowly as to require that the applicant for intervention have sued or been sued on the identical cause of action as that of the original parties. See 8 Goodrich-Amram 2d §2327:6.[2] Here the causes of action of the original plaintiffs and the intervenor are essentially the same, but for the nature of the damages.

Having satisfied Rule 2327, we believe the authority also satisfies Rule 2329.[3] The rule provides:

"Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if: (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or (2) the interest of the petitioner is already adequately represented; or (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass, or prejudice the trial or the adjudication of the rights of the parties."

---

2. Goodrich-Amram poses the illustration of one spouse initiating an action without the joinder of the other. The latter spouse can intervene even though his or her cause of action is not identical to that of the initial plaintiff.

3. The denial of intervention under Rule 2329, if the applicant fails to satisfy the rule, is within the discretion of the court. See, 8 Goodrich-Amram 2d §2329:1.

Defendant contends that the authority's claim is not subordinate to that of the individual plaintiffs. This subordination rule merely requires that the intervenor accept the action "as is." See 8 Goodrich-Amram 2d §2329:2. It does not preclude the intervenor from introducing a new claim or defense so long as the ultimate issue is not changed: Ibid; see also Franklin Nat. Bank v. Kennerly Coal & Coke Co., 300 Pa. 479, 150 Atl. 902 (1930). Allowing the authority to intervene and file an amended complaint will not alter the ultimate issue— defendant's exercise of its common law duty of due care.[4]

In allowing the authority to intervene and file an amended complaint we need make clear that we are not passing upon the propriety of the individual plaintiffs' class action, nor whether the authority could be the named plaintiff in the class action. These questions as well as the individual plaintiffs' withdrawal from the class action are reserved until the certification hearing.

Finally, the parties have briefed the bar of the statute of limitations on any claim of the authority. We believe this premature. First, the statute has not been pleaded. Secondly, the statute is more properly raised in new matter. See Pa.R.C.P. 1030.

We will enter the following

## ORDER

And now, July 15, 1980, for the reasons set forth in the accompanying opinion:

---

4. Defendant appears to argue that the authority's claim is insubordinate because Marine Bank, Trustee for the bondholders, is an indispensable party. As noted above any award in favor of the authority can be impressed with a trust to satisfy the authority's obligation to the bondholders and its customers. Thus, we fail to see how Marine Bank is an indispensable party.

1. The motion of the Washington Township Water and Sewer Authority to intervene is granted as to count I of the complaint, and the authority is granted leave to file its amended complaint. Defendant's preliminary objections to count I of the complaint are dismissed.

2. The motion of the authority to intervene in count II of the complaint is denied and defendant's preliminary objection thereto is sustained and count II is dismissed.

3. The motion of the individual plaintiffs to withdraw the class action in count I is denied, but can be renewed at the certification hearing.

CARNEY, *P.J.*, August 25, 1980—In response to this court's opinion and order of July 15, 1980, the defendant, Hill & Hill, has filed a motion for reargument or for certification pursuant to section 702 of the Judicial Code, 42 Pa. C. S. A. §702. We will neither grant reargument nor certification. However, we shall clarify our prior opinion.

The original derivative count of this action has been dismissed for the reasons discussed in our opinion at pages 4-6. The class action alleged by Jaillet and the Moores is still in existence until a certification hearing. The only representatives of this class on the present record are Grace Jaillet and the Moores. Defendant's reading of our opinion that the authority is either a member of the class or a representative party of the class is incorrect.

We assumed that the last page of our opinion made this clear. Questions as to the propriety of any class action, the size and membership of the class, the proper representative party, and the withdrawal of Grace Jaillet and the Moores are reserved until a certification hearing because questions of

fact exist as to the character of the alleged class. We reserve these questions until a certification hearing is held because to resolve them now on this present record, we believe, would prejudice the members of the alleged class.

Our allowing the authority to intervene in this action was based upon our interpretation of Pa.R.C.P. 2327 and 2329. We recognized the difference between the named plaintiffs' "and putative class'" cause of action and that of the authority: Original opinion pp. 7-8. Nevertheless, our interpretation of the above rules does not require that the intervenor and the original plaintiffs proceed on identical causes of action. Allowing the authority to intervene restores this action to two counts—the class action count of Jaillet and the Moores and the authority's count as alleged in its amended complaint.

Finally, allowing the authority to intervene does not prejudice defendant from raising the statute of limitations as a defense to the authority's claim. However, unless a statute of limitations is non-waivable, it can only be raised by new matter under Pa.R.C.P. 1030 and must generally be resolved as a question of fact. See Brown v. Hahn, 419 Pa. 42, 213 A. 2d 342 (1965); Ziemba v. Hagerty, 436 Pa. 179, 259 A. 2d 876 (1969); Mangino v. Steel Contracting Co., 427 Pa. 533, 235 A. 2d 151 (1967); Ragan v. Steen, 229 Pa. Superior Ct. 515, 331 A. 2d 724 (1974); Bayless v. Philadelphia Nat. League Club, 579 F. 2d 37 (3d Cir. 1978). Defendant's supplemental brief suggests that the applicable period of limitation is found in either 42 Pa.C.S.A. §5524 (two years) or §5525 (four years). These statutes are waivable, compare Brown v. Hahn, supra, and must be raised under new matter. See generally,

Bellotti v. Spaeder, 433 Pa. 219, 249 A. 2d 343 (1969). This court is without the power to alter this rule. See Royal Oil & Gas Corp. v. Tumelton Mining Co., 444 Pa. 105, 282 A. 2d 384 (1971). Moreover, the statute has not been pleaded and because the authority's claim is essentially one for professional negligence, it is peculiarly appropriate to adhere to the requirement of pleading the statute as new matter: Ragan v. Steen, supra, and cases therein cited.

We deny certification for purposes of any appeal because at this juncture we fail to see a controlling question of law upon which we have ruled, of which appellate disposition would materially advance the ultimate resolution of this suit.

### ORDER

And now, August 25, 1980, defendant's motion for reargument or certification is denied.