526 A.2d 837

Peach Bottom Township, Appellant *v.* Peach Bottom Township Zoning Hearing Board, Lowell Williams and Philip Nicholson, Appellees.

Argued April 20, 1987, before Judges CRAIG and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Gilbert G. Malone, Malone & Neubaum,* for appellant.

*Edward B. Golla,* for appellee.

OPINION BY JUDGE CRAIG, May 27, 1987:

Peach Bottom Township appeals from an order of the Court of Common Pleas of York County dismissing the township's appeal of a decision of the Peach Bottom Township Zoning Hearing Board which had determined that certain provisions of the township's zoning ordinance were unconstitutional. We affirm.

On January 21, 1982, Lowell Williams and Philip Nicholson had filed a challenge to certain agricultural preservation provisions of the Peach Bottom Township zoning ordinance. The landowners were seeking to enlarge their residential lots through the purchase of small adjoining lots. The size of those lots fell short of conforming with the agricultural preservation provision requiring a fifty-acre lot area minimum for farms. Although the additions would be used solely for agricultural purposes, the proposed enlarged lots would still be substantially smaller than the required fifty-acre lot area minimum.

On July 6, 1982, the zoning hearing board sustained the landowners' challenge and declared three sections of the zoning ordinance to be unconstitutional.

The township filed a timely appeal of that decision to the court of common pleas. On March 25, 1986, the township filed a motion to dismiss the landowners' challenges on the ground that the challengers had lost standing and that therefore their challenges were moot.

Judge EMMANUEL A. CASSIMATIS determined that the matter was moot because one landowner had withdrawn from the appeal and the other landowner no longer had an ownership interest in the tract of land which was the subject of his challenge before the zoning hearing board. Accordingly, the trial judge dismissed the township's appeal.

The township then filed a petition for reconsideration. Although the trial judge clarified the reasons for dismissing the appeal, he did not change the order. The township then filed a petition to vacate the decision of the zoning hearing board and remand with directions to dismiss. The trial court denied that petition on June 12, 1986.

The issue is whether the trial court erred by dismissing the township's appeal of the board's decision instead of negating the board decision by an action such as directing the dismissal of the landowners' challenges before the board.[1]

---

[1] Where the trial court, in reviewing a zoning appeal has taken no evidence beyond that presented to the zoning hearing board, the Pennsylvania Supreme Court has stated that:

[T]he scope of our review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. . . . [Citations omitted.] We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. [MPC §1010] 53 P.S. §11010 (1972); 2 Pa. C. S. §754(b) [Local Agency Law]

The township poses the following question: Does a zoning hearing board·decision, if intervening mootness thwarts judicial review, bind the board and the township with respect to other cases?

The board had determined that the township's provisions .requiring a fifty-acre minimum farm size, sliding scale allocation of dwelling rights, and a limited transfer between farms were unconstitutional.[2] The township

---

[citations omitted]. By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. [Citations omitted.]
*Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 554-55, 462 A.2d 637, 639-40 (1983).

[2] Section 910 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10910, sets forth the zoning hearing board's functions regarding a challenge to the validity of any ordinance or map as follows:

The board shall hear challenges to the validity of a zoning ordinance or map except as indicated in section 1003 [relating to a defect in the enactment process] and subsection (1)(b) of section 1004 [relating to a request for a curative amendment before the governing body]. In all such challenges, the board shall take evidence and make a record thereon as provided in section 908 [hearing requirements]. At the conclusion of the hearing, the board shall decide all contested questions and shall make findings on all relevant issues of fact which shall become part of the record on appeal to the court.

The legislature revised the functions of zoning hearing boards relating to validity challenges by amendment in 1972. Previously, section 910 of the MPC provided, in part:

Except as provided in section 912, relating to variances, the board shall have no power to pass upon the validity of any provision of an ordinance or map adopted by the governing body. ·

However, the power conferred on the board in 1972 to "decide" validity questions added no conclusiveness to board decisions beyond the effect which they would have had otherwise. The 1972 amendment, by its terms quoted above, obviously contemplated the possibility of judicial review.

argues that this court's recent decision in *Codorus Township v. Rodgers*, 89 Pa. Commonwealth Ct. 79, 492 A.2d 73 (1985), which upheld a fifty-acre lot area minimum for agricultural preservation purposes, decided after the board's decision here, should control. However, we specifically stated in *Codorus* at 88, 492 A.2d at 77, that:

[W]e emphasize that a fifty-acre lot area minimum is not necessarily valid in every situation, whether required for agricultural preservation purposes or otherwise, but must be scrutinized, as here, under a substantive due process analysis in the context in which it is presented.

The township—concerned about *res judicata* or collateral estoppel effects of the board's decision—is requesting this court to instruct its zoning hearing board how to proceed if the same, or different, landowners were to challenge again the validity of its agricultural preservation provisions. Although the effect of the board's decision, which the trial court here refused to dismiss, might be persuasive, this court cannot and need not predict or control what the board might decide in a future case in light of its own precedent.

Because a validity challenge to a zoning ordinance must be scrutinized "in the context in which it is presented,"[3] this court cannot instruct a zoning hearing board how to decide future challenges to the agricultural preservation provisions in the zoning ordinance.

Moreover, the township astutely recognizes *Allegheny County v. Maryland Casualty Co.*, 146 F.2d 633 (3rd Cir. 1944) for the proposition that, under Pennsylvania law, where a party to a judgment cannot obtain appellate review because the matter becomes moot, the

---

[3] *Codorus Township v. Rodgers*, 89 Pa. Commonwealth Ct. 79, 88, 492 A.2d 73, 77 (1985).

judgment against him is not conclusive in a subsequent action on a different cause of action. The logic of that rule cannot be denied, and we approve it.

The role of appellate courts in zoning cases is to review controversies involving zoning ordinances. Accordingly, because no controversy was presented to the trial court, nor does any real controversy remain for consideration here, we must affirm Judge CASSIMATIS' sound decision to dismiss the case before him.

ORDER

NOW, May 27, 1987, the order of the Court of Common Pleas of York County, dated June 2, 1986, at No. 82-S-2931, is affirmed..