635 A.2d 714

**GWYNEDD PROPERTIES, INC., Appellant,**

v.

**BOARD OF SUPERVISORS OF LOWER GWYNEDD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1993.

Decided Dec. 22, 1993.

---

600

J. Peirce Anderson, for appellant.

James J. Garrity, for appellee.

Before DOYLE and COLINS, JJ., and DELLA PORTA, Senior Judge.

DOYLE, Judge.

Gwynedd Properties, Inc. (Gwynedd) appeals by permission an interlocutory order of the Court of Common Pleas of Montgomery County in a land use appeal filed by Gwynedd, which granted the motion of Lower Gwynedd Township (Township) to stay all proceedings pending the outcome of condemnation proceedings involving the same property.

Although this case has appeared before this Court on a number of occasions, the following are the essential facts. The case began when Gwynedd submitted a Preliminary Subdivision Plan to the Township on January 27, 1987, to develop 77 acres of mature woodland which it owned. On August 18, 1987, the Township denied approval of the plan and on September 15, 1987, Gwynedd appealed that denial to the trial court pursuant to the Pennsylvania Municipalities Planning Code (MPC).[1] No further action was taken on the appeal because on December 30, 1987, pursuant to the Eminent Domain Code (Code),[2] the Township filed a declaration of taking in order to acquire the Gwynedd property. That condemnation was subsequently struck down by the Supreme Court on May 21, 1991, for failure to strictly adhere to The Second Class Township Code, the Act of May 1, 1993, P.L., *as amended,* 53 P.S. §§ 65101–67605; *Lower Gwynedd Township v. Gwynedd Properties, Inc.,* 527 Pa. 324, 591 A.2d 285 (1991).

On May 24, 1991, Gwynedd filed a Petition to Reinstate its land use appeal, which was granted by the trial court on February 19, 1992. The Township, however, again filed a Declaration of Taking on May 28, 1992, to condemn Gwynedd's property, to which Gwynedd filed preliminary objections. On June 29, 1992, the Township filed a Motion to Stay Proceedings Pending Disposition of the Condemnation Proceedings. Following oral argument on the motion, the trial court, on April 7, 1993, granted the Township's motion. Gwynedd subsequently petitioned the trial court to amend its order to include the certification specified by Section 702(b) of the

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.
2. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903.

Judicial Code [3] to allow Gwynedd to seek permission to appeal the interlocutory order to this Court. On May 6, 1993, the trial court amended its order. After we granted Gwynedd's petition for permission to appeal, this appeal followed.

The sole issue before us is whether a condemnee may pursue a land use appeal after a declaration of taking has been filed and legal title to the property has passed to condemnor, assuming that the land use appeal would affect the fair market value of the property on the date of the taking. It is one of first impression.

On appeal,[4] Gwynedd argues that: (1) the Township has not met the standards necessary to impose a stay; (2) Gwynedd has standing to pursue the land use appeal; and (3) the ordinance which authorized the condemnation specifically provides that the ordinance will not affect any pending litigation, and, hence, the stay was improper.

We begin by addressing Gwynedd's second argument, because we must first determine whether Gwynedd has standing to pursue its land use appeal. If not, the other issues would be moot. Land use appeals may be pursued by a property owner as defined by Section 10107 of the MPC, 53 P.S. § 10107, or by any "person aggrieved" by the zoning board's decision. Gwynedd was no longer the owner of the property after the Declaration of Taking was filed, because

3. Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), provides that where a trial court or government unit believes that its interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in its order. The inclusion of such language allows the party to seek permission to appeal an otherwise unappealable interlocutory order. Pa.R.A.P. 1311.

4. The decision to grant a stay by a trial court is within its discretion and will not be reversed absent a clear showing of the abuse of that discretion. *In re Estate of Hartman*, 399 Pa.Superior Ct. 386, 582 A.2d 648 (1990), *petition for allowance of appeal denied*, 527 Pa. 634, 592 A.2d 1301 (1991). An abuse of discretion is not merely an error in judgment, but a judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the record. *Allegheny West Civic Council, Inc. v. City Council of Pittsburgh*, 86 Pa.Commonwealth 308, 484 A.2d 863 (1984).

that act divested Gwynedd of title. *See* Section 402 of the Code, 26 P.S. § 1–402. Where a party no longer has an ownership interest in a property which is the subject of a land use appeal, that appeal becomes moot. *Peach Bottom Township v. Peach Bottom Zoning Hearing Board*, 106 Pa.Commonwealth Ct. 340, 526 A.2d 837 (1987) (appeal moot where one landowner withdrew from appeal and only other landowner involved in the appeal no longer had ownership interest in the land which was the subject of appeal).

 Gwynedd, however, argues that it does have standing to pursue its land use appeal. In order to have standing to challenge government action one must have an immediate, substantial, and direct interest in the matter complained of. *William Penn Parking Garage, Inc. v. Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975); *Pittsburgh Trust v. Zoning Board of Adjustment*, 145 Pa.Commonwealth Ct. 503, 604 A.2d 298 (1992). This Court has further defined those elements as follows:

> A substantial interest in the outcome of a dispute is an interest which surpasses the common interest of all citizens in seeking obedience to the law. A party has a direct interest in a dispute if he or she was harmed by the challenged action or order. Further, a party's interest is immediate if there is a causal connection between the action or order complained of and the injury suffered by the party asserting standing.

*Empire Coal Mining & Development v. Department of Environmental Resources*, 154 Pa.Commonwealth Ct. 296, 300, 623 A.2d 897, 899 (1993) (citations omitted).

 Because Gwynedd no longer owns the property, its interest in the outcome of the land use appeal is no greater than any other taxpayer of the Township, unless the condemnation is overturned and title is revested in Gwynedd. *See Federici v. Borough of Oakmont Zoning Hearing Board*, 531 Pa. 454, 613 A.2d 1205 (1992) (zoning hearing board was without standing to appeal reversal of its decision); *Cablevision v. Zoning Hearing Board of Easton*, 13 Pa.Common-

wealth Ct. 232, 320 A.2d 388 (1974) (the owners of contiguous property located outside the municipality issuing the decision lack standing because they have an insufficient interest in the outcome). Therefore Gwynedd has no substantial interest in the zoning appeal, *while the condemnation action is pending.* Further, Gwynedd has no direct or immediate interest because it has not been harmed by the stay. As has previously occurred in this case, the stay may be lifted and the land use appeal reinstated if Gwynedd is successful in overturning the condemnation.

■ Gwynedd predicates its standing on the argument that it has a pecuniary interest in the land use appeal because a successful appeal in those proceedings would increase the value of the property subject to the condemnation pursuant to Section 601 of the Code, 26 P.S. § 1–601, that is, it would increase the just compensation that would have to be paid to Gwynedd for the property taken. Essentially, Gwynedd argues that if its subdivision development plan is approved, a greater number of lots may be built on the tract, increasing the value of the condemned property. Therefore, Gwynedd argues, it must be allowed to pursue its land use appeal because the fair market value of the property cannot otherwise be determined. Section 602(a) of the Code, which defines just compensation, provides that:

> (a) Just compensation shall consist of the difference between the fair market value of the condemnee's entire property interest *immediately before the condemnation* and as unaffected thereby and the fair market value of his property interest remaining immediately after such condemnation and as affected thereby, and such other damages as are provided in this code.

26 P.S. § 1–602(a) (emphasis added). The Code provides that it is the value of the property *prior* to the condemnation which must be considered when determining the fair market value of the property. Gwynedd had not won approval of its subdivision plan prior to the condemnation; so, to allow it to pursue that approval after the condemnation would serve to no avail

because it would not be the proper measure of damages under the Code.

Gwynedd is correct in stating that Section 603 of the Code [5] provides that the best use of the property is a factor properly considered in determining the fair market value of the property before condemnation. However, we have long held that the value of a condemned property may not be based on remote chances or future possibilities. *Condemnation by the Pennsylvania Turnpike Commission,* 1 Pa.Commonwealth Ct. 66, 272 A.2d 279 (1970). As our Supreme Court noted:

[W]hen changes in value are relevant, as in the assessment of just compensation, the issue is *not* the effect of a property owner's *subsequent* actions on the value of the property, but the effect of a condemnor's prior actions on the value of the property *at the moment of condemnation.*

*Redevelopment Authority of Oil City v. Woodring,* 498 Pa. 180, 188 n. 8, 445 A.2d 724, 728 n. 8 (1982) (emphasis added). Gwynedd may have attempted to obtain approval of its subdivision plan, but at the moment of condemnation, Gwynedd lacked such approval. To allow Gwynedd to pursue its land use appeal would be contrary to the legislature's intent to establish just compensation measured at the time of the condemnation. *See Redding v. Atlantic City Electric Co.,* 440 Pa. 533, 269 A.2d 680 (1970).

Gwynedd, who has the burden of establishing a different use from the present use of the property, will be able to present evidence of the highest and best use of the condemned property through the introduction of its subdivision plan, its

5. Section 603 of the Code, 26 P.S. § 1–603, provides:
 Fair market value shall be the price which would be agreed to by a willing and informed seller and buyer, taking into consideration, but not limited to, the following factors:
 (1) The present use of the property and its value for such use.
 (2) The highest and best reasonably available use of the property and its value for such use.
 (3) The machinery, equipment and fixtures forming part of the real estate taken.
 (4) The other factors as to which evidence may be offered as provided by Article VII [specifying generally what testimony may be offered].

own expert's testimony, and by examination of the Township's witnesses. *See Department of Transportation v. Becker*, 118 Pa.Commonwealth Ct. 620, 546 A.2d 1282 (1988) (condemnee may present planned subdivision of property and testimony of township solicitor that plan is viable). Gwynedd's argument that its land use appeal must proceed to establish the value of its property fails in light of its ability to establish such value through testimony before the Board of Viewers and the trial court pursuant to the Code. The Code, of course, provides the exclusive method for establishing the value of condemned property. *Redding*.

Without standing to pursue its land use appeal, Gwynedd's appeal would normally merit quashing. But the Township has not asked us to quash the land use appeal and the only issue before us is whether the grant of the stay was an abuse of the trial court's discretion.

■ Gwynedd cites the criteria enunciated by the Supreme Court in *Pennsylvania Public Utility Commission v. Process Gas Consumers*, 502 Pa. 545, 467 A.2d 805 (1983), as the test that the Township must meet to persuade the trial court to impose a stay. Ordinarily, that would be the applicable standard, but we disagree that the *Process Gas* standard should be applied in this case. In *Process Gas* both parties clearly had standing and a final decision had been rendered on the merits; because that is not the case here, the *Process Gas* test is inappropriate. Because the trial court had the power to dismiss this action, we find as a logical corollary, that a party's present lack of standing is sufficient to support the trial court's grant of a stay. Given the narrow scope of the issue before us, we conclude that the trial court did not abuse its discretion in granting a stay, when Gwynedd, at least temporarily, lacks standing.

■ Furthermore, because Gwynedd's land use appeal is otherwise irrelevant to the resolution of the eminent domain proceeding and will be moot if that proceeding is successful, lifting the stay would waste limited judicial resources. The trial court has the inherent power to stay the proceedings in

one case during the pendency of another case which may resolve or moot the case which has been stayed. *See Klein v. City of Philadelphia,* 77 Pa.Commonwealth Ct. 251, 465 A.2d 730 (1983).

Gwynedd's final argument is that the enabling ordinance providing for the condemnation itself provides that it is not intended to affect any action pending prior to the passage of the ordinance. Section 3 of the ordinance provides that:

> Nothing in this Ordinance shall be construed to affect any suit or proceeding pending in any court, or any rights acquired or liability incurred, or any permit issued, or any cause or causes of action existing prior to the adoption of this Ordinance.

However, as we previously discussed, Gwynedd's right to pursue its land use appeal has not been altered. If the Township's condemnation is unsuccessful, Gwynedd may have the stay lifted and proceed with its appeal. Therefore, Gwynedd's final argument is without merit.

Based on the foregoing discussion, we affirm the order of the trial court.

## *ORDER*

NOW, December 22, 1993, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.