IN THE COMMONWEALTH COURT OF PENNSYLVANIA

East Stroudsburg Area School District :
                             :
          v.                    : No. 529 C.D. 2018
                             : ARGUED: September 9, 2019
Dallan Acquisitions, LLC, Monroe   :
County Board of Assessment       :
Revision, Monroe County and Middle :
Smithfield Township, Marshalls     :
Creek Group, LLC               :
                             :
Appeal of: Marshalls Creek Group,   :
LLC                                :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                         FILED: October 17, 2019

Appellant, Marshalls Creek Group, LLC (Taxpayer), successor in interest to Dallan Acquisitions, LLC (Dallan),[1] appeals from the order of the Court of Common Pleas of Monroe County (trial court)[2] dated February 20, 2018, as modified by the order of March 13, 2018. Taxpayer filed a motion to quash a tax assessment appeal filed by Appellee, the East Stroudsburg Area School District (School District),

---

[1] The caption in this case also lists the Monroe County Board of Assessment Revision (Board), Monroe County (County), and Middle Smithfield Township (Township) as parties. The Board has filed a notice of non-participation. The record does not reflect any participation by the County or the Township.

[2] The Honorable Arthur L. Zulick presided.

pertaining to real property originally owned by Dallan and subsequently sold to Taxpayer. The trial court denied the motion to quash and later granted Taxpayer's motion to certify that order for immediate appeal. After thorough review, we affirm the trial court's order.

## I. Background

### A. Selection of Properties for Assessment Appeals

A related tax assessment appeal matter was argued before this Court the same day as this case. *See E. Stroudsburg Area Sch. Dist. v. Meadow Lake Plaza, LLC* (Pa. Cmwlth., No. 371 C.D. 2018, filed October 17, 2019) (*Meadow Lake II*). Our opinion in *Meadow Lake II* contains a more detailed recitation of the general background of the School District's decision to appeal a number of tax assessments on real properties located in the School District.[3]

Relevant here, the School District retained a consultant, Keystone Realty Advisors, LLC (Keystone) to identify properties in the School District that potentially were sufficiently under-assessed that each would generate at least $10,000 per year in additional real property taxes ($10,000 threshold) in the event of a successful assessment appeal. Reproduced Record (R.R.) at 7a, 168a, 1161a-62a. The School District did not provide any criteria to Keystone for selection of properties, other than the $10,000 threshold. R.R. at 7a. The School District chose the $10,000 threshold based on its conclusion that appeals with smaller potential tax revenue gains would not be cost-effective to pursue. R.R. at 7a, 169a, 1164a-67a.

---

[3] The School District is entitled to pursue assessment appeals to the same extent as a property owner: "A taxing district shall have the right to appeal any assessment within its jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment . . . ." 53 Pa.C.S. § 8855.

2

Applying the $10,000 threshold as instructed by the School District, Keystone identified and recommended a number of properties for assessment appeals. Of significance here, based on the $10,000 threshold, all of the properties Keystone identified and recommended for assessment appeals by the School District were commercial income-generating properties. R.R. at 1164a-65a.

After reviewing each of Keystone's recommendations, R.R. at 1170a-77a, the School District pursued assessment appeals concerning all of the properties identified by Keystone. R.R. at 168a, 1172a-73a. The School District did not pursue assessment appeals of any properties other than those identified and recommended by Keystone. R.R. at 1172a-73a. Thus, all of the School District's assessment appeals related to commercial properties. R.R. at 7a.

### B. Assessment Appeal Regarding the Property

Taxpayer is the current owner of a shopping center (Property) in Middle Smithfield Township, Monroe County, located in the School District. The Property was among a number of real properties in the School District identified by Keystone as meeting the $10,000 threshold and recommended for assessment appeals.[4] The School District filed an assessment appeal with the Monroe County Board of Assessment Revision (Board) concerning the Property for the 2016 tax year. The Board denied the appeal, and the School District filed a petition for review in the trial court.

While the School District's assessment appeal concerning the Property was pending, Taxpayer bought the Property from Dallan. Taxpayer filed a motion to

---

[4] The Property is currently assessed as having a fair market value of $4,347,759. Based on the County's established predetermined ratio of 25%, the Property's current assessed valuation is $1,086,940. R.R. at 7a. Taxpayer purchased the Property from Dallan in 2016 for $23,650,000. R.R. at 6a.

quash the assessment appeal. Taxpayer contended the School District's application of the $10,000 threshold and the resulting selection of only commercial properties for assessment appeals violated the tax uniformity requirement of the Pennsylvania Constitution (Uniformity Clause).[5] Further, Taxpayer asserted the School District deliberately avoided assessment appeals against residential properties for political reasons.[6]

After discovery and a hearing,[7] the trial court denied Taxpayer's motion to quash the School District's assessment appeal concerning the Property. The trial court based its factual findings on the evidence presented by the parties. The trial court found the evidence did not show the School District intended to appeal only commercial property assessments. R.R. at 8a. The trial court also rejected, as contrary to the evidence, Taxpayer's contention that the School District intentionally avoided assessment appeals concerning residential properties in order to avoid angering voters. *Id.*

The trial court then applied the same legal analysis as in its decision in *East Stroudsburg Area School District v. MNA Stroud Realty LLC* (No. 8354 CV 2015, filed Jan. 30, 2018) (*Meadow Lake I*), *affirmed by Meadow Lake II*. R.R. at 8a.

---

[5] "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, § 1.

[6] Taxpayer also alleged the School District engaged in a practice of projecting large budget deficits, while maintaining a large surplus balance, in order to increase taxes. Taxpayer does not assert this argument on appeal to this Court.

[7] The trial court allowed the parties to address the motion to quash at the start of trial on the merits, and then held a separate hearing on the motion several months thereafter. R.R. at 5a-6a.

4

Based on that analysis, the trial court concluded the $10,000 threshold did not violate the Uniformity Clause. *Id*.

Taxpayer filed a motion requesting certification from the trial court for an immediate appeal of its interlocutory order denying Taxpayer's motion to quash. The trial court granted the motion and amended its prior order pursuant to Pennsylvania Rule of Appellate Procedure 341(c). This appeal by Taxpayer followed.

## II. Issues on Appeal

On appeal,[8] Taxpayer raises both legal and factual arguments. Taxpayer insists the School District's assessment appeals targeting only commercial properties violated the Uniformity Clause, under our Supreme Court's recent decision in *Valley Forge Towers Apartments N, LP v. Upper Merion Area School District*, 163 A.3d 962 (Pa. 2017). In a related sub-argument, Taxpayer contends the trial court's analysis also applied an incorrect legal standard in its uniformity analysis, contrary to the holding of *Valley Forge*.

Factually, Taxpayer asserts the evidence in the record supports its position rather than that of the School District. Taxpayer maintains the trial court failed to apply Taxpayer's purportedly unrebutted and uncontested evidence, as well as alleged admissions by the School District. Taxpayer contends the School District failed to prove that it ever adopted an assessment appeal program or that it implemented the $10,000 threshold evenly among all types of properties. Taxpayer further maintains the trial court erred in relying on the testimony of the School

---

[8] This Court's review of the trial court's decision in a property tax assessment appeal is limited to a determination of whether the trial court abused its discretion, committed an error of law, or made findings of fact not supported by substantial evidence. *Maula v. Northampton Cty. Div. of Assessment*, 149 A.3d 442 (Pa. Cmwlth. 2016) (*en banc*).

5

District's chief financial officer (CFO). Taxpayer also contends the trial court improperly relied on evidence outside the record.

### III. Discussion

### A. Taxpayer's Legal Arguments

In *In re Appeal of Springfield School District*, 101 A.3d 835 (Pa. Cmwlth. 2014), *overruled in part on other grounds by Valley Forge*, this Court considered a tax assessment appeal raising a similar issue to that presented in the instant appeal. The school district in *Springfield* chose to appeal assessments where there was an estimated potential tax revenue gain of $9,000 to $11,000 per year – notably comparable to the $10,000 threshold here. Like the $10,000 threshold applied by the School District, the monetary threshold applied in *Springfield* resulted in assessment appeals affecting commercial properties. However, this Court held that such a result did not warrant a conclusion that the selection of properties for assessment appeals based on a monetary threshold violated the Uniformity Clause.

In *Springfield*, as in this case, the school district asserted it filed an assessment appeal against the property at issue based solely on the application of the monetary threshold, not on the property's commercial status. We reasoned, however, that even a decision to target only commercial properties for assessment appeals would not have created an impermissibly non-uniform subclass of taxpayers or properties.

Subsequently, in *Valley Forge*, a group of taxpayers challenged a school district's decision to appeal assessments of commercial properties but not residential properties. The school district focused solely on commercial properties, based on a general perception that their values were usually higher than the values of residential properties, and further, a concern that appeals of assessments on residential properties would be politically unpopular. Our Supreme Court agreed with the

6

taxpayers that such discrimination between property classifications created impermissible subclasses that violated the Uniformity Clause. The Court also overruled *Springfield* to the extent that this Court had approved selections of properties for assessment appeals based on their commercial or residential character. Specifically, the Court held that "a taxing authority is not permitted to implement a program of only appealing the assessments of one sub-classification of properties, *where that sub-classification is drawn according to property type* – that is, its use as commercial, apartment complex, single-family residential, industrial, or the like."[9] *Valley Forge*, 163 A.3d at 978 (emphasis added).

Of significance here, however, our Supreme Court in *Valley Forge* expressly noted that unlike a selection based on the commercial or residential character of a property, a taxing district's choice to pursue assessment appeals based solely on *financial criteria* would not necessarily offend the Uniformity Clause:

> Our disapproval of *Springfield*'s interpretation of this Court's precedent should not be equated to disagreement with the result it reached. In *Springfield*, the property owners challenged a school district's policy of using of a monetary threshold to decide which properties to appeal. . . . They did not allege a scheme involving disparate treatment of property sub-classifications drawn according to property type or the status of its owner as a resident or non-resident of the taxing district.

*Valley Forge*, 163 A.3d at 975 n.13. Further, the Court took pains to observe "that nothing in [the *Valley Forge*] opinion should be construed as suggesting that the use of a monetary threshold – such as the one challenged in *Springfield* – or some other selection criteria would violate the Uniformity Clause if it were implemented

---

[9] The school district in *Valley Forge* had a specific multi-year assessment appeal plan that would have targeted apartment complexes in one tax year, shopping centers in another, offices in still another, and so on.

7

without regard to the type of property in question or the residency status of its owner." *Id.* at 979.

In *Meadow Lake I*, the trial court concluded that our holding in *Springfield* and our Supreme Court's reasoning in the quoted portions of *Valley Forge* supported the School District's position that the $10,000 threshold is constitutional. We agreed in *Meadow Lake II*. Here, the trial court cited and relied on its legal analysis in *Meadow Lake I* and reached the same conclusion. Consistent with our holding in *Meadow Lake II,* we discern no error in that conclusion. Contrary to Taxpayer's argument, we find nothing in our Supreme Court's analysis in *Valley Forge* that precludes application of a reasonable monetary threshold for assessment appeals, based on an estimate of the minimum potential revenue gain that will make a tax assessment appeal cost-effective. Indeed, a taxing district's selection of a property for an assessment appeal that failed to take into account whether the appeal was likely to be cost-effective might be fiscally irresponsible.

Taxpayer also argues the trial court required evidence of wrongful conduct by the School District, and thus improperly applied a rational basis analysis in concluding that the $10,000 threshold was consistent with the Uniformity Clause. *Cf. Valley Forge* (rejecting rational basis analysis as the standard in assessment uniformity cases). We discern no merit in this argument. The trial court properly relied on applicable precedents, *Valley Forge* and *Springfield*. Both decisions support the premise that selecting properties for assessment appeals based on financial criteria alone, without regard to property type, does not violate the Uniformity Clause.

8

We agree with the trial court that *Valley Forge* and *Springfield* support the School District's position that the $10,000 threshold does not violate the Uniformity Clause.

## B. Taxpayer's Factual Arguments

The trial court was the finder of fact in this case. As such, it maintained exclusive province over the credibility of witnesses and the weight of the evidence. *In re Penn-Delco Sch. Dist.*, 903 A.2d 600 (Pa. Cmwlth. 2006). The trial court was free to believe all, some, or none of the evidence presented, to make all credibility determinations, and to resolve all conflicts in the evidence. *Boro Constr., Inc. v. Ridley Sch. Dist.*, 992 A.2d 208 (Pa. Cmwlth. 2010). Notably, the trial court was not required to accept even unrebutted evidence from Taxpayer's expert. *Green v. Schuylkill Cty. Bd. of Assessment Appeals*, 772 A.2d 419 (Pa. 2001).

This Court is prohibited from making contrary credibility determinations or reweighing the evidence. *Penn-Delco*. We are bound by the findings of the trial court that have adequate support in the record, so long as those findings do not reflect capricious disregard of competent and credible evidence. *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 812 A.2d 478 (Pa. 2002). Capricious disregard occurs only when the fact-finder deliberately ignores relevant, competent evidence. *Id.*

Here, the trial court obviously credited testimony that the School District CFO concluded the $10,000 threshold was the minimum potential gain that would make an assessment appeal cost-effective for any property. R.R. at 7a, 169a, 1164a-67a.[10]

---

[10] Notably, Taxpayer's counsel expressly conceded, "When you look at the School District's minutes, it becomes clear that what happens is their consultants provide recommendations, *admittedly*, based on potential appeals that would result in the highest revenue. They submit that to the [School] Board for consideration." R.R. at 1103a (emphasis added).

The trial court evidently credited testimony that the School District relied on Keystone to identify properties meeting the $10,000 threshold, R.R. at 1178a, 1180a; that Keystone was instructed to search for any and all properties meeting that threshold, R.R. at 1162a-63a; and that the School District would have filed assessment appeals relating to residential properties as well as commercial properties, had Keystone identified any residential properties as meeting the $10,000 threshold. R.R. at 1162a-63a. That testimony constituted substantial evidence supporting the trial court's factual findings.

Taxpayer's factual arguments to the contrary are not persuasive.[11] For example, Taxpayer avers that the School District admitted, on the record, to the material facts averred in Taxpayer's motion to quash. Brief for Appellant at 7. Actually, the School District *specifically denied* that it engaged in disparate treatment of subclasses of real property, R.R. at 1062a; that it "has an illegal and systematic practice" regarding assessment appeals, R.R. at 1063a; that it avoided assessment appeals against residential properties for political reasons, R.R. at 1066a, 1069a; that it targeted properties for assessment appeals in a non-uniform manner or without considering uniformity and fairness in taxation, R.R. at 1068a, 1070a; and that it "concentrated its appeal solely on a subclass of highly-assessed commercial property," R.R. at 1068a.

Contrary to Taxpayer's insistence, the record demonstrates Taxpayer's evidence was both contested and contradicted by the School District. Taxpayer

---

[11] Taxpayer's recitation of facts in its principal brief consists largely of argument advocating Taxpayer's own version of the facts. We remind counsel for Taxpayer that the Rules of Appellate Procedure expressly require exclusion of all argument from the statement of facts: "The statement of the case shall not contain any argument. It is the responsibility of appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties." Pa. R.A.P. 2117(b).

10

points to testimony by its tax uniformity expert, Reaves C. Lukens, III (Lukens), that there were approximately 20 commercial properties and 10 residential properties within the School District that fit the $10,000 threshold, but which were not the subjects of assessment appeals. R.R. at 1180a.

Lukens conceded he did not independently confirm the property type of any of the properties he listed in his report; he simply accepted the property type code in the database he reviewed. R.R. at 1117a. Further, when asked whether his method of analysis was similar to that used by Keystone or other consultants to identify under-assessed properties, Lukens could only say he "suspect[ed]" it was similar. R.R. at 1141a. On cross-examination, he acknowledged he did not investigate the actual market value of any of the properties he identified; he merely used each property's sale price as "a stand-in" for market value. R.R. at 1120a. However, he admitted that he never even reviewed the property deeds. *Id.* Further, he stated that as an appraiser, "I would not use a sale price and turn that into my opinion of market value." *Id.* Nonetheless, he testified immediately thereafter that he was "accepting sale prices as a reasonable indication of market value . . . [a]nd usually they're a pretty good proxy for market value." *Id.* Asked whether he could guarantee that a property was under-assessed, based solely on deed price, Lukens responded, "I would be reluctant to guarantee anything. This is raw data that got processed. I'm a one-trick pony. I don't want to put my license on the line doing an appraisal." *Id.* at 1122a. Thus, Lukens's expert opinion cannot reasonably be deemed either uncontested or uncontradicted. Moreover, it was not unequivocal.

Taxpayer also argues the trial court erroneously relied on facts and reasoning from its decision in *Meadow Lake I*, "without reference to most of the evidence of this record." Brief for Appellant at 8. Contrary to Taxpayer's representation, the

11

trial court never mentioned a single fact from *Meadow Lake I*; it merely noted – accurately – that the two cases were similar. More importantly, the trial court did not *rely* on any facts from *Meadow Lake I*. As for references to this case's record, Taxpayer cites no authority requiring a finder of fact to provide record citations for its findings. In any event, as set forth above, the record contains substantial evidence to support the trial court's findings.

Taxpayer's assertion of facts allegedly supporting an inference of a political motive on the part of the School District is likewise without merit. Taxpayer contends a school board member asked whether the properties being recommended for appeal were commercial or residential, and the School District's CFO responded that "all the properties identified by the School District's consultant were commercial, which he found impressive." Brief for Appellant at 11. This is a gross mischaracterization of the cited school board minutes, which actually stated the School District's CFO and Solicitor "were impressed with *the amount of work* Keystone Realty did and time they [*sic*] spent." R.R. at 190a (emphasis added).

Taxpayer asserts the School District "agreed" that it "neglected" to appeal the assessments of 20 commercial properties and 10 residential properties that met the $10,000 threshold. Brief for Appellant at 13. During the cited discussion among the court and counsel for both parties, the School District's counsel conceded that *Lukens testified to that effect* on behalf of Taxpayer. However, counsel for the School District also stated, "I don't believe Mr. Lukens has provided a basis for a finding that these are properties that meet [the $10,000] threshold." R.R. at 1180a.

Taxpayer contends the trial court "ordered the School District to respond to [Taxpayer's] expert reports by producing the School District's own expert reports" but "[t]he School District never produced a rebuttal expert report." Brief for

12

Appellant at 14. This assertion by Taxpayer mischaracterizes the trial court's directive. The trial court never ordered the School District to file an expert report; it merely imposed a filing deadline for any such report the School District might decide to submit. *See id.* Taxpayer cites no authority for its implicit argument that the trial court was required to accept Taxpayer's expert report as credible in the absence of an opposing report. Indeed, that is not the law. As explained above, the trial court, as the finder of fact, was free to reject any evidence, including expert evidence and unrebutted evidence.

Notably, Taxpayer's counsel acknowledged the question of whether the School District deliberately avoided assessment appeals concerning residential properties was a credibility issue. R.R. at 1082a. The record contains substantial evidence supporting the trial court's findings of fact that the School District did not act with a political motive in selecting properties for assessment appeals, and did not set out with the intent to file assessment appeals solely against commercial properties. *See* R.R. at 8a. We will not disturb those findings on appeal.

## IV. Conclusion

Based on the foregoing discussion, we affirm the trial court's order denying Taxpayer's motion to quash the School District's assessment appeal.

_____
ELLEN CEISLER, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

East Stroudsburg Area School District :
                                    :
         v.                     :   No. 529 C.D. 2018
                                      :

Dallan Acquisitions, LLC, Monroe    :
County Board of Assessment           :
Revision, Monroe County and Middle :
Smithfield Township, Marshalls      :
Creek Group, LLC                  :
                                    :
Appeal of: Marshalls Creek Group,   :
LLC                                   :

# **O R D E R**

AND NOW, this 17th day of October, 2019, the February 20, 2018 order of the Court of Common Pleas of Monroe County is AFFIRMED.

_____
ELLEN CEISLER, Judge