# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester-Upland School District  :
                                 :
             v.                  :       No. 386 C.D. 2020
                                 :       No. 387 C.D. 2020
Chester City Board of Revision of :      Argued: March 10, 2022
Taxes and Appeals, Prospect Crozer :
LLC, City of Chester, Crozer-Keystone :
Health System, and Upland Borough :
                                 :
Appeal of: Prospect Crozer LLC   :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                    FILED:  September 28, 2022


Prospect Crozer LLC (Taxpayer) appeals two orders of the Court of Common Pleas of Delaware County (trial court) that terminated the real estate tax exemption on two properties, a community hospital and a former convent (Properties), located in the City of Chester (City).[1]  The trial court concluded that Taxpayer, the current owner of the Properties, is not a purely public charity within the meaning of Article VIII, Section 2(a)(v) of the Pennsylvania Constitution, PA. CONST. art. VIII, §2(a)(v), and the Institutions of Purely Public Charity Act (Act 55).[2]  Accordingly, the Properties did not qualify for a tax exemption under the Consolidated County Assessment Law.[3]  Taxpayer argues that the two orders are

---

[1] On October 22, 2020, the Court *sua sponte* consolidated the two appeals.

[2] Act of November 26, 1997, P.L. 508, No. 55, 10 P.S. §§371-385.

[3] 53 Pa. C.S. §§8801-8868.

null and void because the judge issued them after he had forfeited his judicial office by assuming a position with the Philadelphia Board of Revision of Taxes (Philadelphia Tax Board). Taxpayer also challenges the orders on their merits, asserting that the trial court lacked jurisdiction over the challenge of Chester-Upland School District (School District) to the Properties' exemption because the School District did not first present that challenge to the Chester City Board of Revision of Taxes and Appeals (City Tax Board). For the reasons that follow, we vacate the trial court's orders.

## Background

The Properties were designated as tax exempt during the City's 2015-2017 triennial assessment period.[4] The City Tax Board had assessed the community hospital at $11,991,516 and assessed the convent at $475,580. On July 28, 2014, the School District challenged the assessment of the Properties for the 2015-2017 triennial period. Using the appeal form provided by the City Tax Board, the School District wrote that it appealed "for the following reasons to wit: *property is underassessed*." R.R. 1341a (emphasis added).

At the time the School District appealed to the City Tax Board, the community hospital was owned by Crozer-Chester Medical Center, and the convent was owned by Crozer-Keystone Health System; both were non-profit organizations. On November 19, 2014, the City Tax Board notified Crozer-Chester Medical Center and Crozer-Keystone Health System by letter that "a hearing has been scheduled for

---

[4] At the March 21, 2019, trial, however, the parties stipulated that the triennial period was from 2015 to 2018. Notes of Testimony (N.T.), 3/21/2019, at 112-13; Reproduced Record at 327a-28a (R.R. __). In any event, the School District challenged the assessment of the Properties for the triennial period starting in 2015.

2

the [] School District's assessment appeal." R.R. 1063a-64a. Crozer-Chester Medical Center and Crozer-Keystone Health System did not attend the hearing.

The City Tax Board denied the School District's appeal. On December 29, 2014, the City Tax Board notified Crozer-Chester Medical Center and Crozer-Keystone Health System by letter that "[a]fter review of [the School District's] appeal of your school taxes[, the City Tax Board] has denied any change at this time and the above captioned property will remain assessed [as is]." R.R. 1233a.

On January 26, 2015, the School District appealed the City Tax Board's decision to the trial court, asserting that the City Tax Board erred in "placing the [Properties] into exempt status[.]" R.R. 21a, 29a. The School District asserted that the Properties did not qualify for a tax exemption under the Consolidated County Assessment Law because the owners were not purely public charities and, alternatively, did not use or occupy the Properties for charitable purposes.

On July 1, 2016, Taxpayer, a for-profit corporation, acquired the Properties as part of its purchase of Crozer-Chester Medical Center and Crozer-Keystone Health System. On October 31, 2016, the trial court allowed Taxpayer to intervene in the School District's appeal. The trial court held hearings in March, May, and June of 2019, where the parties presented evidence on the Properties' real estate tax exemption.

**Trial Court Decision**

On January 21, 2020, the trial court entered two adjudications holding that the Properties were not tax exempt. Therein, the trial court reasoned that "the power to determine exemption is implicit in the function of determining the tax assessment." Trial Court Adjudication, 1/21/2020, at 4; R.R. 2400a. The trial court stated that in a real estate tax appeal, first, there must be a determination on whether

3

the property qualifies for taxation. If so, then the tax appeals board determines the assessment amount for that property. The trial court held that the School District's assessment appeal "place[d] all issues," including the Properties' tax exempt status, before the City Tax Board. Trial Court Adjudication, 1/21/2020, at 5, Conclusion of Law No. 6; R.R. 2401a. Accordingly, "as part of its duties in assessing a property's fair market value," the trial court may "first consider whether the property is subject to real estate taxation." Trial Court Adjudication, 1/21/2020, at 6, Conclusion of Law No. 11; R.R. 2402a.

Having concluded that the School District preserved the tax exemption issue, the trial court held that Taxpayer's "operations or operations of the Propert[ies]" did not satisfy the constitutional requirements established by our Supreme Court in *Hospital Utilization Project v. Commonwealth*, 487 A.2d 1306 (Pa. 1985) (*HUP*), and the statutory requirements in Act 55.[5] Trial Court Adjudication, 1/21/2020, at 8; Conclusion of Law No. 27; R.R. 2404a. Taxpayer

---

[5] Article VIII, Section 2(a)(v) of the Pennsylvania Constitution states in pertinent part, as follows:

(a) The General Assembly may by law exempt from taxation:

* * * *

(v) Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

PA. CONST. art. VIII, §2(a)(v). The Pennsylvania Constitution does not define "institution of purely public charity." In *HUP*, 487 A.2d at 1317, our Supreme Court defined a purely public charity as an institution that "(a) [a]dvances a charitable purpose; (b) [d]onates or renders gratuitously a substantial portion of its services; (c) [b]enefits a substantial and indefinite class of persons who are legitimate subjects of charity; (d) [r]elieves the government of some of its burden; and (e) [o]perates entirely free from private profit motive."

In 1997, the General Assembly enacted Act 55 to "weigh[ ] in on questions affecting determinations of charitable exemption[.]" *Alliance Home of Carlisle, PA v. Board of Assessment Appeals*, 919 A.2d 206, 216 (Pa. 2007). Act 55 tracks the five criteria set forth in the *HUP* test and specifies the type of evidence needed to meet each individual criterion.

leased the Properties for the rental income. Section 8812(b)(2) of the Consolidated County Assessment Law states that "all property, real and personal, actually and regularly used and occupied for the purposes specified in this section shall be subject to taxation *unless the person or persons, associations or corporation so using and occupying the property shall be seized of the legal or equitable title in the realty….*" 53 Pa. C.S. §8812(b)(2). The trial court held that the Properties were not exempt from real estate taxes.

Taxpayer appealed to this Court.

## Appeal

On appeal,[6] Taxpayer raises three issues. First, Taxpayer has filed an application to vacate the two orders because the presiding judge, the Honorable John L. Braxton, held a position on the Philadelphia Tax Board at the same time he adjudicated these cases.[7] Second, Taxpayer argues that the trial court lacked jurisdiction to consider the School District's challenge to its tax exemption because the School District did not raise the issue before the City Tax Board. Alternatively, Taxpayer argues that the trial court erred in holding that the Properties did not qualify for a tax exemption under the Consolidated County Assessment Law for the relevant tax periods.

Article V, Section 17(a) of the Pennsylvania Constitution prohibits a judge from holding "an office or position of profit in the government of the United

---

[6] This Court's review determines whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by substantial evidence. *Walnut-Twelve Associates v. Board of Revision of Taxes of City of Philadelphia*, 570 A.2d 619, 622 (Pa. Cmwlth. 1990). "The trial court, as fact finder, has discretion over evidentiary weight and credibility determinations." *1198 Butler Street Associates v. Board of Assessment Appeals, County of Northampton*, 946 A.2d 1131, 1138 n.7 (Pa. Cmwlth. 2008).

[7] Taxpayer filed an application to vacate on January 19, 2021, and the Court referred the application to the merits panel.

States, the Commonwealth or any municipal corporation or political subdivision thereof[.]" PA. CONST. art. V, §17(a). In its application to vacate, Taxpayer asserted that Senior Judge Braxton held a "position of profit" with the Philadelphia Tax Board at the same time he acted as a judge on the instant tax appeals, which rendered his two orders null and void. The School District responded that Taxpayer's application to vacate was untimely filed and, further, that the Pennsylvania Supreme Court approved Senior Judge Braxton's completion of this judicial assignment after his appointment to the Philadelphia Tax Board.

Taxpayer supported the application to vacate with affidavits and public record searches that it attached thereto. Following argument before the merits panel, this Court concluded that a record was needed on Taxpayer's assertion of incompatible service and the School District's response thereto. Accordingly, the Court entered an order remanding this matter to the trial court with directions to develop an evidentiary record on the following factual questions:

> (1) The date on which Senior Judge Braxton assumed his position on the Philadelphia Board of Revision of Taxes and began receiving compensation therefor;
>
> (2) Whether Senior Judge Braxton's continued work on the above-captioned assessment appeals of Prospect Crozer, LLC while simultaneously serving on the Philadelphia Board of Revision of Taxes was approved in writing or in some other way by the Pennsylvania Supreme Court; and
>
> (3) The date on which Prospect Crozer, LLC learned that when Senior Judge Braxton issued the orders in the above-captioned appeals, he had already assumed his position with the Philadelphia Board of Revision of Taxes.

Court Order, 3/17/2022.

On April 20, 2022, the trial court conducted a hearing. The record consists of a stipulation of the parties; Taxpayer's public record searches and

6

affidavits; and the testimony of Senior Judge Braxton. A summary of the parties' stipulation, the affidavits, and Senior Judge Braxton's testimony is set forth in *In Re: Appeal of Prospect Crozer LLC from the Decision of the Board of Assessment Appeals of Delaware County, PA*, __ A.3d __ (Pa. Cmwlth., Nos. 1596-1599, 1600-1629 C.D. 2019, filed September 28, 2022) (*Appeal of Prospect Crozer*). Thereafter, on May 4, 2022, the trial court issued an order finding, *inter alia*, that Senior Judge Braxton began to receive compensation for his position with the Philadelphia Tax Board on June 16, 2019, and ended his judicial service on January 24, 2020. The trial court credited Senior Judge Braxton's testimony that he notified the Administrative Office of Pennsylvania Courts of his appointment to the Philadelphia Tax Board and received approval to complete his outstanding judicial assignments. Taxpayer sought reconsideration, but it was denied.

After receipt of the trial court's May 4, 2022, order, the parties filed supplemental briefs with this Court to address the trial court's order.

**Analysis**

**I. Senior Judge Braxton's Incompatible Service on the Philadelphia Tax Board**

Taxpayer's claims under Article V, Section 17(a) of the Pennsylvania Constitution, PA. CONST. art. V, §17(a), are identical to those it raised in *Appeal of Prospect Crozer*, __ A.3d at __, slip op. at 17-29. There, we held that Senior Judge Braxton forfeited his judicial office no later than June 16, 2019, when he began to receive compensation in his position of profit on the Philadelphia Tax Board. Because Senior Judge Braxton's orders were issued after he forfeited his judicial office, they were null and void. For all the reasons set forth in *Appeal of Prospect Crozer*, __ A.3d at __, slip op. at 17-29, which is incorporated by reference herein, we grant Taxpayer's application to vacate the trial court's orders.

7

## II. Tax Exemption Adjudications

Taxpayer argues that the School District was precluded from challenging the Properties' exemption in its appeal to the trial court because it did not raise it with the City Tax Board, which decides a property's assessment value as well as its taxable status. The School District limited its appeal to the Properties' assessment value. On appeal to the trial court, the School District raised the Properties' exemption for the first time. The trial court lacked jurisdiction because the School District did not raise or preserve the issue of the Properties' tax exemption in its appeal to the City Tax Board.

Taxpayer contends that allowing the School District to assert an exemption challenge for the first time in an appeal to the trial court is fundamentally unfair. Taxpayer's non-profit predecessors had no notice that the Properties' tax exemption was at issue in the City Tax Board proceeding. They had no reason to respond to the School District's challenge to the Properties' assessment amount because they would not be paying taxes, regardless of whether the assessments were increased. In the alternative, Taxpayer argues that if the School District was allowed to challenge the Properties' exemption, then the assessment amount was included in that appeal. The trial court erred by not allowing Taxpayer to proffer evidence that the community hospital's assessment was excessive.

The School District responds that Taxpayer has raised "at most, a technical defect[.]" School District Brief at 33. The City Tax Board does not have a separate form for appealing a property's tax exemption. The School District's counsel, Donald J. Weiss, filed an affidavit attesting that he argued orally to the City

8

Tax Board that the Properties should not be tax exempt.[8]  R.R. 1344a.  The City Tax Board, after the hearing, made no changes to the Properties' exemption, which adversely affected the School District.  The School District argues that the term "assessment" includes both "value and taxable status," as reasoned by the trial court.  School District Brief at 33.  A property's assessment would be zero if it was 100% tax exempt.  *Id.*, n.11.

The School District further contends that any technical defect in its appeal to the City Tax Board was a harmless error.  In *In re Penn-Delco School District*, 903 A.2d 600 (Pa. Cmwlth. 2006), the taxpayers alleged that they never received notice of the administrative hearing for the school district's tax appeal and, therefore, did not attend.  This Court rejected the taxpayers' claim that the trial court lacked jurisdiction; rather, we held that the appropriate remedy for defective notice is not a dismissal but a remand for a new hearing before the board.  In *Penn-Delco School District*, the lack of notice did not prejudice the taxpayers because the tax appeals board denied the school district's appeal.  Thereafter, the taxpayers fully participated in the trial *de novo*.

The School District contends that as in *Penn-Delco School District*, the City Tax Board denied the School District's appeal, leaving the Properties' assessment unchanged.  In other words, Taxpayer prevailed before the City Tax Board.  Thus, Taxpayer was in no way harmed by a defect in the School Board's written appeal to the City Tax Board.

---

[8] Weiss also testified in person before the trial court on May 30, 2019.  On cross-examination, Weiss conceded that there was no "documentary support" for the School District's tax exemption challenge before the City Tax Board.  N.T., 5/30/2019, at 96; R.R. 792a.

The City is governed by the Third Class City Code.[9]  Section 12522(a) states, in pertinent part, as follows:

> (a) Power to appoint assessors.--With regard to the valuing and assessing of property for taxation within a city, the following shall apply:
>
>> (1) If, on May 19, 2014, a city is utilizing the county assessment office for the valuation and assessment of property, the city shall continue to utilize the county assessment office for this purpose.
>>
>> (2) *If paragraph (1) does not apply, council may appoint and employ persons to value and assess property for taxation within a city, following the procedures and methodologies set forth in the assessment law applicable in the county in which the city is located*, provided that the act of April 16, 1992 (P.L. 155, No. 28), known as the Assessors Certification Act, shall apply to persons hired pursuant to this paragraph.

11 Pa. C.S. §12522(a)(1)-(2) (emphasis added).  Because the City does not use the "county assessment office," its City Tax Board must follow the "procedures and methodologies" set forth in the Consolidated County Assessment Law, which applies to Delaware County, a Second Class A county.  53 Pa. C.S. §8801.

Section 8844(c) of the Consolidated County Assessment Law states, in relevant part, as follows:

> (1) Any person aggrieved by any assessment, whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing district having an interest in the assessment, may appeal to the board for relief. *Any person or taxing district desiring to make an appeal shall*, on or before September 1 or the date designated by the county commissioners

---

[9] 11 Pa. C.S. §§10101-14702.

if the option under paragraph (3) is exercised, *file with the board an appeal in writing, identifying the following*:

    (i) Appellant.

    (ii) Property location.

    (iii) Owner.

    (iv) Assessment or assessments by which the person is aggrieved.

    (v) Address to which notice of the time and place for a hearing shall be mailed.

(2) *The same procedures and deadlines shall apply to a request for real estate tax exemption under section 8812 (relating to exemptions from taxation).*

53 Pa. C.S. §8844(c)(1)-(2) (emphasis added).

Section 8802 of the Consolidated County Assessment Law defines "assessment" as "assessed value." 53 Pa. C.S. §8802. "Assessed value" is defined as "[t]he assessment placed on real property by a county assessment office upon which all real estate taxes shall be calculated." 53 Pa. C.S. §8802. While Section 8802 does not define the term "exemption," the Consolidated County Assessment Law treats a property exemption and a property assessment as two distinct concepts. "Any person or taxing district" desiring to challenge a property's exemption status must file the appeal in writing. 53 Pa. C.S. §8844(c)(l).

In its written appeal to the City Tax Board, the School District stated that the Properties were "underassessed;" it did not challenge the Properties' tax exemption. R.R. 1341a. In filling out the form, the School District chose to limit its appeal to one of assessment value. The record does not contain the City Tax Board's decision on the School District's appeal; however, the notice sent by the City Tax Board to Crozer-Chester Medical Center and Crozer-Keystone Health System on December 29, 2014, suggested that the City Tax Board considered only

11

the Properties' assessment value. Because the School District did not preserve the issue of the Properties' tax exemption before the City Tax Board, it was barred from raising the issue for the first time before the trial court.

In his affidavit, the School District's attorney attested that he orally addressed the Properties' exemption to the City Tax Board. The trial court did not make any findings in this regard. Instead, it concluded that "the power to determine exemption is implicit in the function of determining the tax assessment[;]" as such, the trial court may, "as part of its duties in assessing a property's fair market value, first consider whether the property is subject to real estate taxation." Trial Court Adjudication, 1/21/2020, at 4, 6, Conclusion of Law No. 11; R.R. 2400a, 2402a. The trial court's proposition is at odds with the Consolidated County Assessment Law. Section 8854(a) sets forth the scope of the trial court's inquiry in an assessment appeal and states, in pertinent part, as follows:

(a) Court of common pleas.—

\* \* \* \*

(2) *In any appeal of an assessment* the court shall make the following determinations:

(i) *The market value* as of the date the appeal was filed before the board. In the event subsequent years have been made a part of the appeal, the court shall determine the market value for each year.

(ii) *The common level ratio* which was applicable in the original appeal to the board. In the event subsequent years have been made a part of the appeal, the court shall determine the applicable common level ratio for each year published by the State Tax Equalization Board on or before July 1

12

of the year prior to the tax year being appealed.

(3) The court, *after determining the market value of the property pursuant to paragraph (2)(i), shall then apply the established predetermined ratio* to that value unless the corresponding common level ratio determined pursuant to paragraph (2)(ii) varies by more than 15% from the established predetermined ratio, in which case the court shall apply the applicable common level ratio to the corresponding market value of the property.

53 Pa. C.S. §8854(a)(2)-(3) (emphasis added). Nowhere does Section 8854(a) direct a trial court to consider a property's tax exemption in each and every assessment appeal. Rather, its job is to determine the market value, then common level ratio and then apply that ratio to the market value.

The School District's reliance on *In re Penn-Delco School District*, 903 A.2d 600, is misplaced. This is not a technical defect in the hearing notice but, rather, an issue of waiver. *See Germantown Cab Co. v. Philadelphia Parking Authority*, 134 A.3d 1115, 1120 (Pa. Cmwlth. 2016) (when a party fails to raise an issue in an agency proceeding, the issue is waived and cannot be considered for the first time in a judicial appeal).

The trial court lacked jurisdiction to consider the School District's challenge to the Properties' tax exemption because the School District did not raise this issue to the City Tax Board. In its appeal to the trial court, the School District did not challenge the City Tax Board's decision on the Properties' assessment, and, thus, that issue was not before the trial court. This leaves no issue to be decided and, thus, a remand is not necessary.

13

## Conclusion

Senior Judge Braxton vacated his position as senior judge by operation of law on June 16, 2019, when he began to receive compensation for his incompatible service on the Philadelphia Tax Board, which was a "position of profit in the government of the United States, the Commonwealth or any municipal corporation or political subdivision thereof." PA. CONST. art. V, §17(a). The two orders issued on the School District's tax appeals are null and void. We grant Taxpayer's application to vacate the trial court's orders. However, a remand is not necessary because the trial court lacked jurisdiction to consider the School District's challenge to Taxpayer's exemption.

_____
MARY HANNAH LEAVITT, President Judge Emerita


Judge Fizzano Cannon did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester-Upland School District  :
            :
     v.      :  No. 386 C.D. 2020
            :  No. 387 C.D. 2020
Chester City Board of Revision of :
Taxes and Appeals, Prospect Crozer :
LLC, City of Chester, Crozer-Keystone :
Health System, and Upland Borough :
            :
Appeal of: Prospect Crozer LLC  :

## **O R D E R**

    AND NOW, this 28th day of September, 2022, Prospect Crozer LLC's Application to Vacate Orders on Appeal Because of Structural Error is GRANTED. The orders of the Court of Common Pleas of Delaware County, filed January 21, 2020, are VACATED for structural error and for lack of subject matter jurisdiction.


         _____
         MARY HANNAH LEAVITT, President Judge Emerita